IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02403-BNB

AARON S. RABIDUE,

    Plaintiff,

v.

TRUDY SICOTTE, in her official capacity as Medical Provider for the Colorado
      Department of Corrections - Limon Corr. Facility, and in her individual capacity,
NICOLE BLATNICK, in her official capacity as Health Service Admin. for the Colorado
      Department of Corrections - Limon Corr. Facility, and in her individual capacity,
TINA ROSLER, in her official capacity as a Medical Nurse for the Colorado
      Department of Corrections - Limon Corr. Facility, and in her individual capacity,
ALVIN MASSENBURG, in his official capacity as Medical Provider for the Colorado
      Department of Corrections - Limon Corr. Facility, and in his individual capacity,
MARTÍNEZ, in his official capacity as Chief Medical Officer for the Colorado
      Department of Corrections - Limon Corr. Facility, and in his individual capacity,
JENNIFER NOVATNY, in her official capacity as in a Supervisory Position with
      pharmacy for the Colorado Department of Corrections - Limon Corr. Facility,
      and in her individual capacity,
JOHN DOE, in his official capacity as Deputy Director of Prisons, Clinical Services
      for the Colorado Department of Corrections - Limon Corr. Facility, and in her
      individual capacity,
MR. LONG, in his official capacity as a Major for the Colorado Department of
      Corrections - Limon Corr. Facility, and in his individual capacity,
MS. FALK, in her official capacity as Warden for the Limon Correctional Facility -
      Colorado Department of Corrections, and in her individual capacity,
HONG DANG, in her official capacity as a Medical Nurse for the Limon Correctional
      Facility - Colorado Department of Corrections, and in her individual capacity,
      and
RICK RAEMISCH, in his official capacity as Executive Director for the Colorado
      Department of Corrections, and in his individual capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Aaron S. Rabidue, is a prisoner in the custody of the Colorado

Department of Corrections at the correctional facility in Limon, Colorado.  Mr. Rabidue, acting *pro se*, filed a thirty-page, single-spaced Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief, together with thirty-nine pages of attachments.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  He was assessed a $9.00 initial partial filing fee, and has paid $5.00 of that amount.

The Court must construe the Prisoner Complaint liberally because Mr. Rabidue is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  See *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Rabidue will be ordered to file an amended Prisoner Complaint.

Mr. Rabidue asserts one claim, i.e., that the medical care and delay in providing that care for the multiple fractures in his left foot violates his Eighth Amendment right to be free from cruel and unusual punishment.  In support of that claim, he provides

twenty-one pages of single-spaced background information, much of which is provided as a chronological recitation of facts.

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Rabidue fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Rabidue fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Rabidue must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Rabidue must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Rabidue's allegations to determine the heart of each claim.

In the amended Prisoner Complaint he will be directed to file, Mr. Rabidue must allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Rabidue "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Rabidue should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rabidue must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Rabidue may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Rabidue uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, the Local Rules of Practice for this Court, specifically D.C.COLOLCivR 10.1(e), provide that all documents must be double spaced. Therefore, the amended Prisoner Complaint Mr. Rabidue files must comply with D.C.COLOLCivR 10.1(e). Mr. Rabidue is directed to limit his amended Prisoner Complaint to thirty, double-spaced pages.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Rabidue will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations, and complies with the Local Rules of Practice for this Court. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Rabidue is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Rabidue seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims. The limitation period for a § 1983 action is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984). In Colorado, the limitations period for a personal injury action is two years. Colo. Rev. Stat. § 13-80-102.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff, Aaron S. Rabidue, file an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants, or the entire the Prisoner Complaint and the action, may be dismissed without further notice.

DATED October 9, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

8