IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02403-MSK-MJW

AARON S. RABIDUE,

Plaintiff,

v.

NICOLE BLATNICK,
TINA ROSLER,
ALVIN MASSENBURG,
CHIEF MEDICAL OFFICER MARTINEZ,
JENNIFER NOVATNY,
HONG DANG, and
DEPUTY DIRECTOR OF PRISONS JOHN DOE

Defendants.

## REPORT & RECOMMENDATION ON DEFENDANT MARTINEZS' MOTION TO DISMISS (Docket No. 58)

**Michael J. Watanabe**
**United States Magistrate Judge**

The Court set forth the facts of this case and the applicable law in its previous Report and Recommendation (Docket No. 47), and that discussion is hereby incorporated by reference. Now before the Court is Defendant Andrew Martinez's motion to dismiss.[1] (Docket Nos. 58, 62, & 65.) The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court recommends that Defendant Martinez's motion be granted.

As an initial matter, Defendant Martinez moves under Rule 12(b)(1) to dismiss any official-capacity claim against him for money damages, on the basis of sovereign

---

[1] Defendant Martinez had not yet entered an appearance at the time of the last motion to dismiss.

2

immunity. As he did during the last motion to dismiss, Plaintiff concedes the point and disclaims any intention to seek damages from Defendant Martinez in his official capacities. (Docket No. 65, p.3.) Accordingly, the Court recommends without further analysis that Defendants' motion be granted in this regard, and that any portion of the Amended Complaint that seeks money damages against Defendant Martinez in his official capacities be dismissed under Rule 12(b)(1).

Moving to the individual-capacity claim, Defendant Martinez argues that the claim against him should be dismissed under Rule 12(b)(6) for failing to plausibly allege his personal participation. In response, Plaintiff argues that Defendant Martinez (1) implemented the policy of providing only short-term pain medications, and (2) specifically decided not to provide Plaintiff with longer-term pain medications. (Docket No. 65, p.4.) The Court recommends that Defendant Martinez's motion be granted for two reasons.

First, there are no allegations in the Complaint suggesting that Defendant Martinez was involved in any way with the medical decisions leading to the repeated aggravation of Plaintiff's foot fractures. To the extent Plaintiff sought to impose liability for inadequate pain management alone, aside from other preventive measures for treating his injury, Chief Judge Krieger has already dismissed any such claim. (Docket No. 47, pp.11–12 (recommending Count One be dismissed); Docket No. 59 (adopting Report & Recommendation).)

Second, there are no allegations in the Complaint suggesting that Defendant Martinez was personally aware of any inadequacy in Plaintiff's specific case, or that his short-term-medications policy is inadequate in general. (*See* Docket No. 47, pp. 7-8,

3

11–12.)  As a result, Plaintiff has not adequately alleged sufficient personal participation to establish the subjective component of a deliberate-indifference claim.

## Recommendation

For the foregoing reasons, the Court RECOMMENDS that Defendant Martinez's Motion to Dismiss (Docket No. 58) be GRANTED and that all claims against Defendant Martinez be DISMISSED under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 9, 2015            *s/ Michael J. Watanabe*
       Denver, Colorado             Michael J. Watanabe
                                                   United States Magistrate Judge